## SCHOOL DIST. NO. 268 v. BOARD OF ED., CITY OF DEVOL.

No. 17911. Opinion Filed Jan. 24, 1928.

(Syllabus.)

1. **Schools and School Districts—Transfer of Pupils to Another District—Authority of County Superintendent.**

The county superintendent, when request-

ed by parents or guardians, is authorized, by section 10601, C. O. S. 1921, to permit children living in one school district to attend school in another district when, in the judgment of such, superintendent, the best interest of the school will not be adversely affected.

**2. Same—Procedure—Hearings by Superintendent—Appeals to Board of County Commissioners.**

Under section 10602, C. O. S. 1921. such requests for transfers shall be made not later than the 1st day of June, and the county superintendent shall give written notice not later than the 5th day of June, to every district from or to which an application for transfer has been made, that he will hold a hearing on said applications on the 10th day of June. After such hearing, said superintendent may grant or refuse the transfers, but any person interested may appeal therefrom to the board of county commissioners, and their decision is final.

**3. Same—Attendance in Another District Despite Denial of Transfer by County Board—Liability for Per Capita Cost.**

No liability for the per capita cost is created in favor of one school district and against a second because pupils of the second attend school in the first, where the county commissioners. on appeal from the county superintendent. have denied the applications for transfer of such pupils.

Error from District Court, Cotton County; E. L. Richardson, Judge.

Action by the Board of Education of the City of Devol against School District No. 268, Cotton County. Judgment for plaintiff, and defendant appeals. Reversed.

Amil H. Japp and John M. Stanley, for plaintiff in error.

J. C. Norman, for defendant in error.

MASON, V. C. J. Consolidated school district No. 2, of Cotton county. commenced this action against school district No. 268, Cotton county, to recover $240. the per capita cost of attending plaintiff's school by four pupils who resided in the defendant school district.

Plaintiff alleged that said pupils resided in the defendant district; that after proper application had been made and hearing had, the county superintendent ordered the transfer of said pupils; that the per capita cost was $60 or a total of $240; that no provision had been made for the payment of same, and the defendant refused to make such payment.

Thereafter, it appearing that the plaintiff school district had ceased to exist, its successor, the board of education of the city of Devol, was substituted as plaintiff.

The defendant admitted that said pupils had attended the public school of the plaintiff and that petitions for their transfer to attend such school had been presented to the county superintendent, but the defendant denied that it was liable for their tuition, for the reason that said petitions for such transfer had been rejected and denied by the county commissioners, on appeal.

The issues thus formed were tried to the court without the intervention of a jury, and judgment was rendered for the plaintiff for $240, from which the defendant has duly perfected its appeal.

For reversal, it is insisted that said judgment is not sustained by the evidence and is contrary to law. The evidence in the case discloses that prior to June 1, 1924, application in proper form was made to the county superintendent of Cotton county for transfer of four pupils from the defendant school district to the plaintiff district for the school year 1924-25, and that before the 5th day of June, 1924. the county superintendent notified both the plaintiff and the defendant of said applications and that a hearing thereon would be held on the 10th day of June. 1924. Thereafter, and prior to said hearing, the members of the school board of the defendant district met with the county superintendent and discussed said applications, and the attention of the county superintendent was called to the fact that said school district had insufficient funds for the payment of the teachers' salaries during the previous year. Said members of the board testified that the county superintendent led them to believe that she would deny the applications for transfer when the hearing was had. The record discloses, however, that when the hearing was had on June 10. 1924. the county superintendent authorized said transfers and certified the names of said pupils to the clerk of the school board of both the plaintiff and the defendant herein.

It appears from the records herein that none of the interested parties appeared before said superintendent at such hearing, but immediately thereafter said superintendent visited the members of the school board of the defendant district and suggested that they take an appeal to the board of county commissioners; that she prepared the appeal. which was signed by said members, and later filed with the board of county commissioners. who acted on the same at a meeting held July 12, 1924. and reversed

the action of the county superintendent and denied the applications for transfer.

Section 10601, C. O. S. 1921, provides that the county superintendent of any county shall, when in his judgment the best interest of the school will not be adversely affected and when requested by parents or guardians, permit children living in any school district to attend school in another district.

Under section 10602, C. O. S. 1921, all requests for such transfers must be filed with the county superintendent not later than the 1st day of June, and the county superintendent is required to notify the school boards of such districts, in writing, not later than the 5th day of June that a hearing will be held on such applications on the 10th day of June. Said section then provides that any person, of such affected district, may appear at such hearing and protest against the granting of such application, after which the county superintendent may make or refuse such transfer. Said section also provides:

"That any person interested in such transfer shall have the right of appeal from the action of said superintendent to the board of county commissioners, who shall hear said appeal at their next meeting after said appeal shall have been perfected, before said board, and their action thereon shall be final."

Section 10607, C. O. S. 1921, provides for the method of levying and paying the transfer fees of such pupils. It may be that this method is exclusive and that one school district cannot maintain an action, of this nature, against another district to recover such fees, but the briefs do not discuss this question, and it will not be necessary for us to do so, in view of the conclusion we reach on other grounds.

Counsel for defendant in error contends that the plaintiff in error was not present at the hearing before the county superintendent and gave no notice of appeal to the county commissioners and, therefore, said board had no jurisdiction of the appeal and its action is not controlling. We cannot agree with this contention. The hearing before both the county superintendent and the board of county commissioners seems to have been very informal, but, in view of the fact that the statutes provide no method of procedure for such hearings and for taking such appeals, we must conclude that the Legislature did not intend to make these matters technical or difficult.

The record discloses that after the hearing before the county superintendent, she prepared an appeal in the matter which was signed by the members of the school board and upon which the county commissioners had a hearing. The commissioners reversed the action of the county superintendent and refused to grant such transfers.

From the foregoing, and in view of the provisions of section 10602, supra, which makes the finding of the board of county commissioners final, we must conclude that there was no evidence to support the judgment of the district court.

The judgment is therefore reversed.

BRANSON, C. J., and LESTER HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 35 Cyc. p. 1115 (2) 35 Cyc. p. 1115 (3) 35 Cyc. p. 970 (Anno).